**EARL X, Petitioner—Appellant,**

v.

**Mitch MORROW, Respondent— Appellee.**

No. 02–36051.

United States Court of Appeals, Ninth Circuit.

Aug. 5, 2005.

Christine Stebbins Dahl, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Mary H. Williams, Rolf C. Moan, Esq., Hardy Myers, Jr., Esq., Department of Justice, Salem, OR, for Respondent–Appellee.

Before: HUG, MCKEOWN and FISHER, Circuit Judges.

## MEMORANDUM *

Oregon state prisoner Earl X ("petitioner") appeals the district court's denial, as untimely, of his motion to amend his 28 U.S.C. § 2254 habeas petition filed in 1999. Petitioner's initial petition, filed pro se, alleged various ineffective assistance of counsel claims. After counsel had been appointed and after the statute of limitations had passed, petitioner moved to amend his petition by adding a new claim alleging that the state had failed to disclose that petitioner had been serving as a government informant against the alleged victim of his crimes, thus violating *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The district court denied petitioner's motion, ruling that the *Brady* claim did not relate back to the date of the original petition within the meaning of Rule 15(c)(2) of the Federal Rules of Civil Procedure.

In accordance with the Supreme Court's recent decision in *Mayle v. Felix,* — U.S. —, 125 S.Ct. 2562, — L.Ed.2d — (2005), we affirm the district court's ruling. Petitioner's *Brady* claim and his initially filed ineffective assistance of counsel claims differ in "time and type" and do not arise from a "common core of operative facts." *Id.* at 2571, 2574. The *Brady* claim does not, therefore, relate back to the original petition.

Petitioner also argues that his *Brady* claim should not be dismissed as untimely because he is entitled to equitable tolling or tolling under the savings clause of 28 U.S.C. § 2244(d)(1)(D). The district court did not grant a certificate of appealability with respect to either of these issues and petitioner has not filed a separate motion for broader certification with respect to

these issues before us. Ninth Circuit Rule 22–1 and Rule 22 of the Federal Rules of Appellate Procedure thus preclude us from reaching these other arguments.

The judgment of the district court is AFFIRMED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

