**Jerry B. NUTT, Petitioner—Appellant,**

v.

**M. KNOWLES, Warden, Respondent—
Appellee.**

**No. 03–16601.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 2005.

Submission Vacated Jan. 14, 2005.

Resubmitted July 22, 2005.

Decided Aug. 18, 2005.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Jerry B. Nutt, MCSP - Mule Creek State Prison, Ione, CA, for Petitioner-Appellant.

Victor S. Haltom Fax, Sacramento, CA, Mark A. Johnson, Esq., AGCA - Office of the California Attorney General (SAC) Department of Justice, Sacramento, CA, for Respondent-Appellee.

Before: BRIGHT,* TASHIMA, and BEA, Circuit Judges.

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

**MEMORANDUM** **

Jerry Nutt, a state prisoner, was convicted of two counts of pandering, in violation of California Penal Code, § 266i, after having been convicted of three serious felonies within the meaning of California's Three Strikes law. The state trial court sentenced Nutt to two consecutive terms of 25 years to life. Nutt appeals the district court's denial of his petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

First, Nutt argues that the district court erred in denying his motion for leave to amend his petition to add four new claims. We construe Nutt's argument as a motion for an expanded certificate of appealability ("COA") to consider this issue. *See* Ninth Cir. R. 22–1. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). Nutt has not shown that the district court erred in denying his motion for leave to amend his petition. *See Mayle v. Felix,* —— U.S. ——, —— – ——, 125 S.Ct. 2562, 2573–75, —— L.Ed.2d ——, —— – —— (2005) (explaining that the relation back rule applies only to original and amended habeas claims that are tied to a common core of

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

operative facts and rejecting the argument that, for purposes of relation back, "same conduct, transaction or occurrence" means "same trial, conviction, or sentence"). We therefore deny Nutt's motion for an expanded COA.

Second, Nutt argues that, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), which were decided after his conviction became final, the state trial court erred in declining to strike his prior convictions and in sentencing him to consecutive, rather than concurrent, terms of imprisonment. We review de novo a district court's decision to grant or deny a habeas petition. *See Horton v. Mayle*, 408 F.3d 570, 576 (9th Cir. 2004). This argument, however, is foreclosed by *Reynolds v. Cambra*, 290 F.3d 1029, 1030 (9th Cir.2002), in which we held that *Apprendi* does not apply retroactively to cases on collateral review, and by *Schardt v. Payne*, 414 F.3d 1025 (9th Cir. 2005), in which we recently held that *Blakely* does not apply retroactively to cases on collateral review. The district court therefore properly rejected this argument.

Finally, Nutt contends that his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. Given Nutt's criminal history, which includes convictions for rape, forcible oral copulation, and kidnapping, Nutt's sentence was not grossly disproportionate to his offense. *See Lockyer v. Andrade*, 538

U.S. 63, 66–68, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003); *Ewing v. California*, 538 U.S. 11, 17–19, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003). The state court's decision therefore was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *Lockyer*, 538 U.S. at 70–73.[1]

For the foregoing reasons, the district court's denial of Nutt's petition for a writ of habeas corpus is

AFFIRMED.

---

1. To the extent that Nutt makes the related but distinct argument that his sentence violated the Fifth Amendment's bar against double jeopardy because his enhanced sentence is based on his prior convictions, we reject this argument as well. *See Witte v. United States*, 515 U.S. 389, 400, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995) ("In repeatedly upholding such recidivism statutes, we have rejected

double jeopardy challenges because the enhanced punishment imposed for the later offense 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but instead as a 'stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one.' ").