**Ghena Negash IASU [A27–332–357], Petitioner,**

v.

**Michael CHERTOFF, Secretary of the Department of Homeland Security, et al., Respondents.**

**No. 05CV0088–DMS(JMA).**

United States District Court, S.D. California.

April 10, 2006.

Ghena Negash Iasu San Ysidro, CA, Pro se.

Lori B. Schoenberg, Reeves and Associates, Pasadena, CA, Federal Defenders, Federal Defenders of San Diego, San Diego, CA, for Petitioner.

Carol Lam, U.S. Attorney, Melanie Shender, Assistant U.S. Attorney, San Diego, CA, for Respondents.

### ORDER GRANTING RESPONDENTS' MOTION TO DISMISS

SABRAW, District Judge.

Petitioner Ghena Iasu, a native of Eritrea, has filed a petition for writ of habeas corpus challenging an order to remove him from this country. Respondents seek dismissal of Petitioner's habeas claim pursuant to a "jurisdiction stripping" provision of the REAL ID Act of 2005, which amended § 242(a) of the Immigration and Naturalization Act. Petitioner contends the REAL ID Act does not divest this Court of habeas jurisdiction because he has raised a credible constitutional claim concerning his citizenship. Alternatively, if this Court lacks jurisdiction, Petitioner requests transfer of his claim to the court of appeals pursuant to the REAL ID Act. For the reasons set forth below, the Court grants Respondent's motion to dismiss for lack of subject matter jurisdiction and de-

nies transfer of Petitioner's claim as unauthorized by the Act.

# I.

## BACKGROUND

Petitioner is a native of Eritrea, which was formerly part of Ethiopia. He lawfully entered the United States in August 1985 and became a lawful permanent resident one year later. In 1992, 1996, and finally in 2001, Petitioner initiated naturalization proceedings to become a United States Citizen. Petitioner's 1992 and 1996 applications were administratively closed prior to completion because Petitioner failed to appear for required examinations and/or interviews. Petitioner's 2001 application was administratively approved but was not completed with a public administration of the oath of citizenship, and hence Petitioner did not receive a certificate of naturalization.

While Petitioner's 2001 naturalization proceedings were underway, he was arrested for violating California Penal Code § 245(a)(2), assault with a firearm. On July 19, 2002, Petitioner was convicted of that offense and sentenced to three years confinement.

On January 29, 2004, Petitioner was transferred to the custody of the Department of Homeland Security ("DHS"), which thereafter initiated removal proceedings against him. Following transfer to an Immigration Court in San Diego, California, an Immigration Judge ("IJ") ordered Petitioner removed from the United States to Eritrea. Petitioner waived his right to appeal to the Board of Immigration Appeals ("BIA"). Thereafter, Petitioner pursued habeas relief in this Court.

# II.

## DISCUSSION

Respondents move for dismissal pursuant to the REAL ID Act of 2005, Pub.L. No. 109–13, 119 Stat. 231, which was enacted on May 11, 2005. Section 106 of the REAL ID Act amends § 242(a) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1252 (2000). Respondents' principal argument is that the INA, as amended by the REAL ID Act, confers exclusive jurisdiction in the courts of appeal to review a final order of removal and, therefore, this Court lacks jurisdiction over Petitioner's claim of United States citizenship and challenge to the order of removal. Petitioner contends the REAL ID Act is inapplicable when a "credible claim" of citizenship is raised. According to Petitioner, he must be allowed to proceed under a writ of habeas corpus or his rights under controlling Ninth Circuit caselaw and the Suspension Clause of the United States Constitution will be violated. In the alternative, Petitioner seeks transfer of his claims to the court of appeals. These issues are addressed in turn.

### A. Subject Matter Jurisdiction

To properly frame the jurisdictional issue, Petitioner's filings with this Court must be addressed. Initially, Petitioner proceeding *pro se* filed a habeas petition on January 18, 2005, challenging his continued detention. Petitioner did *not* challenge the order of removal in that petition; rather, Petitioner requested relief under *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), on grounds that an alien may not be detained indefinitely and must be released once "it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701, 121 S.Ct. 2491. In other words, Petitioner sought to be repatriated to his native Eri-

trea in the reasonably foreseeable future; or, if that could not be accomplished, then he demanded to be released pursuant to *Zadvydas.* Petitioner was indeed released by the DHS under an Order of Supervision shortly after filing his Petition, thus rendering his petition moot.

On July 22, 2005, several months after Petitioner's release from detention, he filed an amended petition through the assistance of counsel. In his amended petition, he asserts he is a citizen of the United States. Thus, unlike the initial petition, the amended petition challenges the underlying order of removal through a claim of citizenship. It is this challenge to the order of removal that triggers application of the REAL ID Act and is the focus of the present dispute.

The REAL ID Act amends the INA by adding a jurisdiction stripping provision and barring habeas review of orders of removal. It provides:

> Exclusive Means of Review—Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, ... a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of the Act ....

REAL ID Act § 106(a)(1)(B), *codified* at 8 U.S.C. § 1252(a)(5).

█ This jurisdictional provision applies to all cases challenging a removal order, no matter when filed. REAL ID Act § 106(b) (The Act applies to "cases in which the final administrative order of removal, deportation, or exclusion was issued *before, on, or after* [May 11, 2005]")(emphasis added). Accordingly, as Petitioner challenges his order of removal based upon a claim of citizenship, the "sole and exclu-

sive" means of review is with the court of appeals.

Petitioner argues this Court is not bound by the REAL ID Act, as the Ninth Circuit has not "withdrawn its opinion, in *Rivera v. Ashcroft,* [394 F.3d 1129 (9th Cir.2005)] that the Fifth Amendment includes a right to judicial evaluation of a non-frivolous claim to United States citizenship through a petition for writ of habeas corpus under 28 U.S.C § 2241, notwithstanding provisions of the REAL ID Act ...." (Petitioner's Response at 11). Petitioner reads *Rivera* too broadly. The *Rivera* court, in a decision that *predates* the REAL ID Act, held that the petitioner there could pursue habeas relief in the district court despite his failure to exhaust administrative remedies because he presented a credible claim of citizenship. 394 F.3d at 1137–40 ("Because [Rivera] has a colorable citizenship claim, [he] has a constitutional right to judicial review, and may obtain such review via habeas corpus even after accepting deportation and waiving his right to appeal the IJ's decision.") The *Rivera* court, however, did not have occasion to address the jurisdiction stripping provision of the REAL ID Act.

The subsequent and unambiguous pronouncement of Congress in the REAL ID Act compels the conclusion that the "sole and exclusive means for judicial review" of an order of removal is with the courts of appeals. No matter how colorable or constitutionally significant the claim may be, redress must be sought in the circuit court. This Court lacks jurisdiction to address such a claim.

**B. Dismissal or Transfer?**

█ Absent jurisdiction, the issue becomes whether the case or any part of it should be dismissed or transferred to the Ninth Circuit. The REAL ID Act at § 106(c), provides:

Transfer of Cases—If an alien's case, brought under section 2241 of title 28, United States Code, and *challenging a final administrative order of removal,* deportation, or exclusion, *is pending in a district court on the date of the enactment of this division [May 11, 2005],* then the district court shall transfer the case (*or the part of the case that challenges the order of removal,* deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed .... [Emphasis added.]

■ The transfer provision of the REAL ID Act, unlike the jurisdiction stripping provision, applies only to "cases" or "the part of the case" pending *on or before* May 11, 2005. Here, while Petitioner's initial petition was filed (and thus "pending") before May 11, 2005, it did not challenge the order of removal. It challenged Petitioner's indefinite detention. A habeas petition challenging indefinite detention *may* be brought in district court, as the REAL ID Act applies only to challenges to final orders of removal. But this is of no assistance to Petitioner because his initial petition (a) does not involve a challenge to an order of removal, and (b) was rendered moot upon his release from detention. Accordingly, that petition neither falls within the terms of the transfer provision nor presents a dispute for the Court to consider.

■ Petitioner's amended petition, on the other hand, clearly challenges the order of removal based upon the claim of citizenship. The amended petition is therefore a "part of the case" that could be transferred if filed on or before May 11, 2005. The problem for Petitioner is that the amended petition was not filed until July 25, 2005. Accordingly, it must be dismissed because the Court has no authority to transfer it.[1]

## C. Suspension Clause

■ Petitioner argues that if this Court lacks jurisdiction to hear his habeas petition and the Ninth Circuit lacks jurisdiction "over a corresponding petition for review, the absence of any judicial evaluation of [his] non-frivolous claim of United States citizenship would raise serious concerns under the Suspension Clause[,]" U.S. Const., art. I, § 9, cl. 2. (Petitioner's Response at 16.) Petitioner relies on *INS v. St. Cyr,* 533 U.S. 289, 300, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), in which the Supreme Court held that some judicial intervention in deportation proceedings is required. The Court in *St. Cyr* made clear, however, that Congress may, without raising any constitutional questions, provide an adequate substitute through review in the courts of appeals. 533 U.S. at 314 n. 38, 121 S.Ct. 2271. In addition, the Supreme Court in an earlier decision held that Congress may provide for an alternative scheme of judicial review, so long as the scheme is an "adequate and effective" substitute for habeas corpus. *See Swain v. Pressley,* 430 U.S. 372, 381, 97 S.Ct. 1224, 51 L.Ed.2d 411 (1977).

The Suspension Clause is not violated here because the REAL ID Act provides an adequate and effective substitute for habeas corpus through direct review in the

---

**1.** Petitioner asserts this Court should transfer his case because the amended petition relates back to the original petition. However, in *Mayle v. Felix,* —— U.S. ——, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005), the Supreme Court held an amended habeas petition does not relate back "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id.* at 2566. Here, the amended petition raises a claim of United States citizenship, whereas the original petition raised a challenge to Petitioner's indefinite detention. These claims do not arise from the same facts, and thus Petitioner is not entitled to the benefit of the relation back doctrine.

courts of appeals. Since Petitioner had an *opportunity* to pursue review of the order of removal and attendant citizenship claim with the court of appeals under the unmodified provisions of the INA, *e.g.,* 8 U.S.C. § 1252(b)(5), or under the INA as amended by the REAL ID Act, Section 106(a)(1)(B), *codified* at 8 U.S.C. § 1252(a)(5), he had available to him an avenue of independent judicial review. The Constitution requires no more. Whether the court of appeals, having jurisdiction to evaluate such a petition for review, would nevertheless deny the petition based on a failure to exhaust administrative remedies, time bar, or other potential impediment is a different matter.

## III.

## CONCLUSION

For these reasons, the Court grants Respondent's motion to dismiss and denies transfer of Petitioner's claims.

**IT IS SO ORDERED.**