IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00379-CR

No. 10-05-00380-CR

 

James Ray Upole,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 400th District Court

Fort Bend County, Texas

Trial Court No. 40740 and 40739


 



MEMORANDUM  Opinion










 

      Upole appeals his convictions for
aggravated sexual assault.  See Tex.
Penal Code Ann. § 22.021(a) (Vernon Supp. 2005).  We affirm.

      In Upole’s sole issue, he contends that
the trial court erred in overruling Upole’s objection to evidence of Upole’s
recorded oral statement.  Upole argues that the statement was involuntary
“because it was induced by false representations by the state’s investigating
officer.”  (Br. at 4.)

      “No State shall . . . deprive
any person of life, liberty, or property, without due process of law
. . . .”  U.S. Const.
amend. XIV, § 1.  “[T]he Fourteenth Amendment secures against state
invasion the same privilege that the Fifth Amendment guarantees against federal
infringement—the right of a person to remain silent unless he chooses to speak
in the unfettered exercise of his own will . . . .”  Missouri
v. Seibert, 542 U.S. 600, 607 (2004) (quoting Malloy v. Hogan, 378 U.S. 1, 8 (1964)); see U.S. Const.
amend. V.  “The use in a state criminal trial of a defendant’s confession
obtained by coercion—whether physical or mental—is forbidden by the Fourteenth
Amendment.”  Payne v. Arkansas, 356 U.S. 560, 561 (1958).  “[T]he
voluntariness of a statement is often said to depend on whether ‘the
defendant’s will was overborne.’”  Yarborough v. Alvarado, 541 U.S. 652, 667 (2004) (quoting Lynumn v. Illinois, 372 U.S. 528, 534 (1963)). 
“[V]oluntariness is evaluated by examining the ‘totality of circumstances’
surrounding the ‘making and signing of the challenged confession.’”  Mayle
v. Felix, 125 S. Ct. 2562, 2573 (2005) (quoting Haynes v.
Washington, 373 U.S. 503, 513-14 (1963)).    

      “An appellate court reviews a trial
court’s decision to admit or exclude evidence under an abuse of discretion
standard.”  Shuffield v. State, 189 S.W.3d 782, 793 (Tex. Crim. App.
2006); accord Wilkerson v. State, 173 S.W.3d 521, 524 (Tex. Crim. App.
2005) (statement); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1991) (op. on reh’g).  “If the trial court’s decision was within the
bounds of reasonable disagreement, the appellate court should not disturb its
ruling.”  Shuffield at 793; accord Montgomery at 391.

      “Misrepresentations made by the police to
a suspect during an interrogation is a relevant factor in assessing whether the
suspect’s confession was voluntary, but it is insufficient to render an
otherwise voluntary confession inadmissible.”  Green v. State, 934
S.W.2d 92, 99 (Tex. Crim. App. 1996); see Frazier v. Cupp, 394 U.S. 731, 739 (1969).  “Of the numerous types of police deception, a misrepresentation relating
to an accused’s connection to the crime is the least likely to render a
confession involuntary.”  Green at 100.    

      Upole contends only that an investigating
detective made misrepresentations and that those misrepresentations induced
Upole’s confession.  If the detective made misrepresentations, they are
insufficient to render Upole’s confession inadmissible.

      In any case, the trial court did not abuse
its discretion.  In support of his argument, Upole points only to the following
testimony on his cross-examination of the detective concerning the interview:

      Q    So, it would be a
misstatement by you that there was evidence of vaginal penetration of the
vagina of both girls?

      A    At the time, the information I had,
yes.

(3 R.R. 247.)

      The record does not clearly show that the
detective made any misrepresentations.  On cross-examination by Upole, the
detective testified as follows:

      Q    Detective, do you have
your narrative report dated 8-25-2004?

      A    Yes, sir.

      . . . .

      Q    . . . . 
Would you read that to the jury, “I then asked [Upole] that”?

      . . . .

      A    . . . . 
“I then asked [Upole] that the test during the exam showed that both girls had
been penetrated, which was called digital penetration.”

      Q    Now, at that point, you
had indicated to him that you had a test and that exam of the girls would show
that both girls had been penetrated.  Isn’t it true that those tests did not
show that?

      A    From the S[exual
]A[ssault ]N[urse ]E[xaminer] exam?

      Q    Isn’t it true that when
you said that, what you’re telling him is the test from the examination of both
girls showed that both girls had been penetrated?  It says that in the report,
correct?

      A    Correct.

      Q    And at that time you knew
that those examinations did not show that both of the girls had been
penetrated, correct?

      A    The information I had
showed that they had been penetrated.

      Q    What information did you
have?

      A    The SANE exam.

      Q    The which exam?

      A    The exam from the SANE
nurse.

      Q    Okay.  And where had they
been penetrated in that examination?  From the best of your recollection, where
were they penetrated?

      A    In the vagina.

      Q    In the vagina, okay. 
Would it surprise you to know that the witness who just testified indicated
that that younger girl had a normal vaginal examination?

      A    No, sir, I did not know that.

(3 R.R. 244-45.)  The sexual assault examination
forensic reports state that each victim’s female sexual organ had been
penetrated.  (State’s Exs. 3-4.)  The trial court would not have abused its
discretion in finding no misrepresentation.  

      The trial court did not abuse its
discretion in overruling Upole’s objection.  We overrule Upole’s issue.

      Having overruled Upole’s sole
issue, we affirm.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed July 26, 2006

Do
not publish

[CR25]