**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos Javier MARULANDA, aka;
Jota, Defendant–Appellant.**

**No. 04–15824.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 8, 2007.

Filed March 26, 2007.

_____

James T. Lacey, AUSA, USTU—Office of the U.S. Attorney Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Jess A. Lorona, Esq., Gregory E. McClure, Esq., Ducar, Lorona & Parks, P.C., Phoenix, AZ, for Defendant–Appellant.

* The Honorable George P. Schiavelli, United States District Judge for the Central District of California, sitting by designation.

Before: SCHROEDER, Chief Circuit Judge, NOONAN, Circuit Judge, and SCHIAVELLI *, District Judge.

## MEMORANDUM **

Carlos Javier Marulanda was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and conspiracy to import cocaine in violation of 21 U.S.C. § 963. He was sentenced to 360 months imprisonment. Marulanda now appeals the denial of his motion filed under 28 U.S.C. § 2255 on the grounds that his trial counsel rendered ineffective assistance of counsel by referring to his previous trial on the same charge, and that this claim was timely raised in his amended § 2255 motions because it relates back to claims raised in his original, timely-filed § 2255 motion. We have jurisdiction under 28 U.S.C. § 1291 and now affirm.

We review the district court's denial of Marulanda's § 2255 motion de novo, including whether the claim raised in his amended § 2255 motion relates back to his original, timely-filed § 2255 motion under Federal Rule of Civil Procedure 15(c). *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir.2006); *Oja v. U.S. Army Corps of Eng'rs*, 440 F.3d 1122, 1127 (9th Cir.2006). Marulanda's ineffective assistance of counsel claim is a mixed question of fact and law that we review de novo. *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir.2003).

■ Marulanda's ineffective assistance claim does not relate back to his timely-filed § 2255 motion under Federal Rule of

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Civil Procedure 15(c)(2) because it is not based on "the same core facts as [his] timely filed claims." *Mayle v. Felix,* 545 U.S. 644, 125 S.Ct. 2562, 2571, 162 L.Ed.2d 582 (2005). In his timely-filed § 2255 motion, Marulanda claimed that his trial counsel rendered ineffective assistance of counsel by insulting the judge, failing to object to the jury selection process, failing to inform Marulanda of his right to testify, and failing to object to the government's use of word "Columbian" at trial. Marulanda's claim that his trial counsel rendered ineffective assistance by referring to his previous trial on the same charge does not relate back to any of these other claims because it does not depend "on the existence of a common core of operative facts." *Id.* at 2572 (internal quotation omitted). Rather, Marulanda's new claims are based on independent facts, different in both time and type. *Id.* at 2566.

Marulanda objects to the characterization of his September 9, 1998 motion for equitable tolling as his original § 2255 motion. However, this argument yields him little. If Marulanda's September 9, 1998 motion for equitable tolling were not characterized as a § 2255 motion, all of his subsequent filings would be time-barred. Although the district court failed to warn Marulanda of the consequences of such a characterization, without the characterization Marulanda would have no timely § 2255 claims. *Cf. Castro v. United States,* 540 U.S. 375, 383, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003). As a matter of fact, up until this appeal, Marulanda repeatedly insisted that his September 9, 1998 motion for equitable tolling be considered a § 2255 motion.

Even if it had been timely raised, Marulanda's ineffective assistance of counsel claim lacks merit. Trial counsel's decision to refer to Marulanda's prior trial in order to impeach witnesses with their pri-

or trial testimony was not objectively unreasonable. *Hensley v. Crist,* 67 F.3d 181, 185 (9th Cir.1995); *see Wilson v. Henry,* 185 F.3d 986, 991 (9th Cir.1999). Trial counsel referred to Marulanda's prior trial in order to explain the weight of the impeachment evidence without giving the jury reason to speculate as to other crimes for which Marulanda might have been charged. This tactical decision does not fall outside the "wide range of professionally competent assistance." *Lord v. Wood,* 184 F.3d 1083, 1085 (9th Cir.1999).

We AFFIRM.