**NON-PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2803

_____

UNITED STATES OF AMERICA

v.

HIKEEM TORRENCE,
aka HAK,
Appellant

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(D.C. No. 2:10-cr-00620-013)
District Judges: Hon. Michael M. Baylson and Hon. Petrese B. Tucker**

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on September 13, 2023

Before: JORDAN, BIBAS, and PORTER, *Circuit Judges*

(Opinion filed: November 6, 2023)
_____

OPINION*
_____

---

** This matter was reassigned to Judge Baylson after Judge Tucker took inactive status on August 3, 2022.

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

PORTER, *Circuit Judge*.

Hikeem Torrence was convicted of using a firearm in relation to a crime of violence. He appeals the District Court's denial of his motion for reconsideration. For the reasons that follow, we will affirm.

I

Between 2008 and October 2010, Hikeem Torrence distributed drugs and was an enforcer for a drug ring in a Philadelphia housing project. In 2011, twenty members of the ring including Torrence were charged in an 89-count indictment. The charges included attempted murder in aid of racketeering, Hobbs Act robbery, carjacking, and drug and firearm offenses.

Torrence was convicted on seven counts (1, 2, 75, and 82–85), and sentenced to 47 years in prison. Pertinent to this appeal, four counts corresponded to two particular incidents in September 2010. Concerning Counts 82 and 83, Torrence and an associate accosted a man, forced him to strip at gunpoint, and stole his clothes and sixty dollars. Torrence was convicted of a violent crime—threatening to commit a crime of violence—in aid of racketeering. *See* 18 U.S.C. § 1959(a)(4). That Count 82 conviction served as a predicate to a further conviction in Count 83 for using a firearm in relation to a crime of violence. *See* 18 U.S.C. § 924(c).

Concerning Counts 84 and 85, Torrence and associates beat and shot a man, almost killing him. Torrence was convicted of attempted murder in aid of racketeering. *See* 19 U.S.C. § 1959(a)(5). That Count 84 conviction served as a predicate to a further conviction in Count 85 for using a firearm in relation to a crime of violence.

2

Torrence appealed in 2013. We affirmed. *See United States v. Torrence*, 612 F. App'x 100 (3d Cir. May 11, 2015). In 2016, Torrence moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, arguing in part that his convictions under Counts 83 and 85 should be overturned after the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015).[1] Torrence specifically argued that his convictions under 18 U.S.C. § 924(c) were invalid because in each instance, the underlying predicate offense (i.e., threatening to commit a crime of violence in aid of racketeering, and attempted murder in aid of racketeering) did not qualify definitionally as a "crime of violence" under § 924(c).

On June 14, 2017, the District Court stayed Torrence's § 2255 motions. Then, the Supreme Court applied *Johnson* to 18 U.S.C. § 924(c)(3)(B), holding that the "residual clause" (one of two avenues for determining whether offenses constitute a "crime of violence") was unconstitutionally vague. *See United States v. Davis*, 139 S. Ct. 2319 (2019). As a result, § 924(c) "crime of violence" predicate charges must satisfy the statute's "elements clause" definition: to qualify as a predicate, an offense must categorically have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The charged offense must be categorically violent, meeting each component of the "elements clause."

---

[1] *Johnson* declared unconstitutional the "residual clause" for defining a predicate "violent felony" under 18 U.S.C. § 924(e) (not the subsection at issue here). However, § 924(c) likewise features a similar "residual clause" for defining a predicate "crime of violence." *See* 18 U.S.C. § 924(c)(3)(B).

On July 30, 2019, the District Court lifted the stay of Torrence's motions and directed the government to respond. The government agreed that Torrence's Count 82 offense was not categorically a § 924(c) "crime of violence," undermining the Count 83 conviction. But the government maintained that his Count 84 offense, attempted murder in aid of racketeering, is a "crime of violence" under the surviving "elements clause" definition.

On May 11, 2021, the District Court entered an order vacating the Count 83 conviction and denying Torrence's other arguments, including his challenge to the Count 85 conviction. On June 14, 2022, Torrence filed a motion for reconsideration of the Court's order with respect to Count 85—on different grounds than in his § 2255 motions: This time, Torrence argued that his Count 85 conviction should be overturned because of flawed jury instructions.[2]

On August 4, 2022, the District Court denied Torrence's motion for reconsideration. Because the motion presented an entirely new claim, it effectively represented a new § 2255 motion distinct from those filed in 2016. As reflected in the District Court's order, this is problematic because the § 2255 framework imposes a one-year statute of limitations and allows successive Section 2255 motions only with a certification by this Court.[3] *See United States v. Torrence* (Order dated Aug. 4, 2022,

---

[2] At trial, the jury instructions erroneously indicated that the predicate offense underlying Count 85 was Count 72, assault with a deadly weapon (rather than Count 84, attempted murder in aid of racketeering). Torrence was convicted of Count 84 and not Count 72. Torrence did not raise an objection concerning the jury instructions.

[3] There are limited exceptions to the one-year statute of limitations, but they don't apply to Torrence's motion for reconsideration. For example, he does not rely upon newly

ECF No. 1104); *see also* 28 U.S.C. § 2255(f), (h). On this basis, the District Court held that Torrence's argument in his motion for reconsideration was procedurally barred. *Torrence*, ECF No. 1104. Torrence appeals.

## II

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231 and 28 U.S.C. § 2255. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

We review the denial of a motion for reconsideration for abuse of discretion. *See United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010). "The purpose of such a motion is to correct a clear error of law or to prevent a manifest injustice in the District Court's original ruling." *Id.* (citation omitted).

## III

Echoing the District Court's denial of Torrence's motion for reconsideration, the government contends that Torrence's challenge to his Count 85 conviction is procedurally barred because it comprises a new claim, distinct from his § 2255 motions. That is correct.

As noted above, the 28 U.S.C. § 2255 framework imposes a one-year statute of limitations with limited exceptions that do not apply here. "An amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005).

---

discovered evidence of innocence, or a new rule of constitutional law made retroactive by the Supreme Court. *See* 28 U.S.C. § 2255(f).

5

Torrence's conviction was affirmed in 2015. *See Torrence*, 612 F. App'x at 101. He filed his § 2255 motions in 2016, challenging his Count 85 conviction by arguing that attempted murder in aid of racketeering does not qualify as a categorically "violent crime," and thus cannot serve as a predicate to a conviction for "carrying a firearm during a violent crime." After the District Court denied the Count 85 component of his § 2255 motion, Torrence's motion for reconsideration—filed in June 2022—changed the basis of his challenge. On its face, the motion to reconsideration raises a new claim which cannot be framed as an amendment to the existing § 2255 motions.

\* \* \*

We will affirm the District Court's denial of Torrence's motion for reconsideration.