EARL X, Petitioner—Appellant,

v.

Mitch MORROW, Respondent—Appellee.

No. 02–36051.

D.C. No. CV–99–00939–BR.

United States Court of Appeals,
Ninth Circuit.

Filed Aug. 5, 2005.

Decided Nov. 15, 2005.

Christine Stebbins Dahl, Esq., Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Mary H. Williams, Rolf C. Moan, Esq., Hardy Myers, Jr., Esq., Department of Justice, Salem, OR, for Respondent–Appellee.

Before HUG, MCKEOWN and FISHER, Circuit Judges.

## AMENDED MEMORANDUM *

The memorandum disposition filed August 5, 2005, is amended in full as follows:

Oregon state prisoner Earl X ("petitioner") appeals the district court's denial, as untimely, of his motion to amend his 28 U.S.C. § 2254 habeas petition filed in 1999. Petitioner's initial petition, filed pro se, alleged various ineffective assistance of counsel claims. After counsel had been appointed and after the statute of limitations had passed, petitioner moved to amend his petition by adding a new claim alleging that the state had failed to disclose that petitioner had been serving as a government informant against the alleged victim of his crimes, thus violating *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The district court denied petitioner's motion, ruling that the *Brady* claim did not relate back to the date of the original petition within the meaning of Rule 15(c)(2) of the Federal Rules of Civil Procedure.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In accordance with the Supreme Court's recent decision in *Mayle v. Felix,* —— U.S. ——, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005), we affirm the district court's ruling. Petitioner's *Brady* claim and his initially filed ineffective assistance of counsel claims differ in "time and type" and do not arise from a "common core of operative facts." *Id.* at 2571, 2574. The *Brady* claim does not, therefore, relate back to the original petition.

Petitioner also argues that his *Brady* claim should not be dismissed as untimely because he is entitled to equitable tolling or tolling under the savings clause of 28 U.S.C. § 2244(d)(1)(D). Although the district court did not grant a certificate of appealability with respect to either of these issues and petitioner has not filed a separate motion for broader certification, we may in our discretion consider these issues under Ninth Circuit Rule 22–1(e) (amended January 1, 2004). We exercise our discretion to decline to address these uncertified issues.

The judgment of the district court is AFFIRMED.

No further petitions for panel rehearing or petitions for rehearing en banc will be considered by the court.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.