Douglas Kim ELLER, Petitioner,

v.

**Barbara BOCK, Respondent.**

No. 00–10095–BC.

United States District Court,
E.D. Michigan,
Northern Division.

March 27, 2006.

Douglas Eller, Newberry, MI, Pro se.

Stuart G. Friedman, Plymouth, MI, for Petitioner.

Brad H. Beaver, Michigan Department of Attorney General Habeas Corpus Division, Lansing, MI, for Respondent.

## *ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLE- MENTAL BRIEF*

LAWSON, District Judge.

The Court issued an order on March 23, 2005, granting the petitioner's motion for relief from judgment, vacating its prior order dismissing the petitioner's habeas corpus petition with regard to his claims concerning his conviction for resisting and obstructing a police officer, and reopening the case. The petitioner filed a supplemental brief with the assistance of counsel and the respondent filed a response. This matter is before the Court on the petitioner's *pro se* motion for leave to file another supplemental brief in which he proposes to raise additional claims not raised in his original habeas corpus petition. The respondent asserts that these claims are barred. The Court agrees, and will deny the motion.

### I.

On January 28, 2003, the Court originally dismissed the petitioner's habeas corpus claims regarding his conviction of resisting and obstructing a police officer because it determined that the petitioner was no longer "in custody" for that conviction. The Court thus dismissed the petition for a writ of habeas corpus with respect to claims I, II, III, VIII, X, and XI and denied the petition with respect to the petitioner's other claims.

Following that decision, the petitioner instituted state proceedings to have a corrected judgment of sentence on his convictions issued to reflect 57 days of jail credit rather than 165 days. The trial court issued an amended judgment of sentence on

January 27, 2004, and the petitioner filed a motion for relief from judgment in this Court, arguing that he was "in custody" within the meaning of 28 U.S.C. § 2254 for the conviction of resisting and obstructing a police officer at the time he originally filed his petition. Upon review of the petitioner's motion for relief from judgment, the Court determined that the amended judgment of sentence showed that the termination date for the conviction of resisting and obstructing a police officer was March 4, 2000, and the petitioner was deemed to have filed his original petition for a writ of habeas corpus on March 2, 2000. Therefore, the Court held that the petitioner was "in custody" for that conviction at time he filed his petition. Consequently, the Court granted the motion for relief from judgment, vacated in part the order dismissing claims I, II, III, VIII, X, and XI and reopened the case. The Court also ordered "that the petitioner may file supplemental pleadings addressing the merits of habeas claims I, II, III, VIII, X, and XI."

The petitioner filed through counsel a supplemental brief raising new claims and filed *pro se* a motion to file a supplemental brief with a request for leave to amend his pleading to raise these new claims. In his *pro se* motion, the petitioner seeks to amend his petition to add grounds for relief that he exhausted in the state courts after his original petition was denied. These claims all pertain to his conviction for resisting and obstructing a police officer. He asserts that these claims "relate back" to his original petition pursuant to Federal Rule of Civil Procedure 15(c)(2), which states that an amendment relates back when it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." A habeas corpus petition may be amended "as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242.

The respondent maintains that the petitioner is barred from adding new claims by the Supreme Court's recent decision in *Gonzalez v. Crosby,* —— U.S. ——, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). In *Gonzalez,* the Court held that a motion under Federal Rule of Civil Procedure 60(b) raising new habeas claims should be treated as a second or successive habeas corpus petition. Although the respondent acknowledges that the petitioner's Rule 60(b) motion was proper, she argues that the petitioner is endeavoring to accomplish precisely what the Supreme Court foreclosed in *Gonzalez:* an opportunity for a habeas petitioner whose claims have been denied on the merits to add claims after his petition has been adjudicated.

In his reply, the petitioner directs the Court's attention to *Mayle v. Felix,* —— U.S. ——, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005), which the Supreme Court decided on the same day as *Gonzalez.* In *Mayle,* a habeas petitioner filed an amended petition containing a new claim after the statute of limitations for filing the petition had expired. 125 S.Ct. at 2567. The Supreme Court held that the new claim did not "relate back" to the date of the filing of the original timely petition. *Id.* at 2569. Although the new claim arose from the same conviction and sentence, the amended petition "assert[ed] a new ground for relief supported by facts that differ[ed] in both time and type" from the grounds for relief contained in the original petition. *Id.* at 2566.

The Court agrees that the rule of *Mayle v. Felix* is applicable to the petitioner's case; however, it is not immediately apparent that the petitioner's new claims arise from the same "conduct, transaction, or occurrence" as the original claims within the meaning of *Mayle.* In *Mayle,* the petitioner's original petition asserted a Confrontation Clause issue because the

videotaped statement of a witness was presented at trial. 125 S.Ct. at 2567. The petitioner sought to amend his petition by adding an argument that his own statement to police, which was introduced at trial, was involuntary. *Mayle*, 125 S.Ct. at 2567–68. The Supreme Court held that "Rule 15(c)(2) relaxes, but does not obliterate, the statute of limitations; hence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Mayle*, 125 S.Ct. at 2572. The Court rejected the petitioner's argument that the trial and resulting conviction constituted the same "conduct, transaction, or occurrence" contemplated by Rule 15(c)(2). The Court explained:

> Felix targeted separate episodes, the pretrial police interrogation of witness Williams in his original petition, his own interrogation at a different time and place in his amended petition.
>
> .     .     .     .     .
>
> [T]he essential predicate for his self-incrimination claim was an extrajudicial event, i.e., an out-of-court police interrogation. The dispositive question in an adjudication of that claim would be the character of Felix's conduct, not in court, but at the police interrogation, specifically, did he answer voluntarily or were his statements coerced.

*Mayle*, 125 S.Ct. at 2572–73. The Court noted that the petitioner would have pleaded his claims separately in his original petition pursuant to the Rules Governing Section 2254 Cases, Rule 2(c) (instructing that a petition "shall specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified"). "Under that Rule, Felix's Confrontation Clause claim would be pleaded discretely, as would his self-incrimination claim. Each separate congeries of facts supporting the grounds

for relief, the Rule suggests, would delineate an 'occurrence.'" *Mayle*, 125 S.Ct. at 2573. Thus, the new claims must share a "common core of operative facts" with the original claims, and the crime or the trial itself does not constitute that common core of facts. A reviewing court must look to the facts from which the claims arise.

In the present case, the Court has reopened the petitioner's case with regard to his original claims I, II, III, VIII, X, and XI, which allege:

I.   [The petitioner] was denied his state and federal rights to due process and a fair trial, and his conviction for resisting and obstructing must be reversed, because of the substantial possibility that the jury instructions permitted the jury to convict him of a crime not charged.

II.  [The petitioner] was denied his state and federal constitutional right to due process and a fair trial where the trial court failed to adequately instruct on the right to resist unlawful police action.

III. [The petitioner] was denied his state and federal constitutional right to the effective assistance of counsel where counsel failed to request the appropriate instructions for resisting and obstructing and failed to object to the trial court's erroneous instruction.

VIII. The trial court abused its discretion ruling that res gestae evidence of blood alcohol content of the driver was irrelevant, denying [the petitioner's] constitutional right to compulsory process and due process of law.

X.   [The petitioner] was denied his state and federal constitutional right to the effective assistance of counsel where counsel failed to im-

peach a key government witness's false testimony.

XI. The trial court abused its discretion in denying a request for a directed verdict on the resisting and obstructing charge, a violation of his state and federal rights to due process of law.

The petitioner's first three claims pertain to the jury instructions given at trial. The petitioner's eighth claim pertains to the admission of evidence at trial, the petitioner's tenth claim asserts ineffective assistance of counsel for counsel's failure to impeach a witness, and the eleventh claim pertains to the trial court's denial of a judgment of acquittal on the resisting and obstructing charge. The petitioner apparently asserts these new claims:

I. The [petitioner] was denied his state and federal right to the effective assistance of appellate [sic] counsel, where trial court [sic] failed to request a continuance or postponement after the trial court changed the charge from interference to resisting arrests [sic].... Defense counsel further allowed the State to abandon the interference charge without filing a nolle prosequi pursuant to MCL 767.29, and denied his right to trial by jury and the right to present a defense to the crimes charged.

II. [The petitioner] was denied his state and federal right to the effective assistance of appellate counsel where counsel failed to raise the issue presented in this motion and to defend against the State's claimed procedural default....

III. The trial court acted without authority in amending the information over the objection of the prosecutor in violation of the constitutional separation of powers.... This was error requiring reversal pursuant to *Rose v. Clark*, 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986).

IV. The trial court deprived Mr. Eller of his constitutional right to trial by jury (together with all its attendant rights), the right to due process of law ... where the charge was one of interference and the trial court, despite objection, constructively amended the charge[ ] to resisting arrest, creating a fatal variance depriving [the petitioner] of his rights to due process as well as Mich. Const.1963, Art. 2, Sec. 19, which provides that the accused shall have a right to be informed of the nature of the accusation against him.

V. The Rule makes clear, MCR 6.508(D) may be waived with "a significant showing of actual innocence." [The petitioner] presents this claim as a gateway to excuse the alleged procedural default as well as a substantive claim for relief. Reason being, where in his appeal of right the elements of CJI2d 13.1 Resisting Arrest, were erroneously used to evaluate the sufficiency of the evidence produced at [the petitioner's] trial, for the alleged violation of CJI2d 13.2, Interfering With an Officer Maintaining the Peace.

VI. The state court[ ]s denied [the petitioner] his rights to due process of law ... as the evidence produced at trial is insufficient to sustain a conviction for MCL 750.479, founded on the premise [sic] violation of CJI2d 13.2, Interference With an Officer Maintaining the Peace, the crime for which Douglas Eller was charged.

The petitioner notes that the state trial court, court of appeals, and supreme court

orders pertaining to his exhaustion of these claims are attached to his supplemental brief, but those documents have not been filed with the Court. They are not attached to the supplemental brief filed through counsel and do not appear on the docket. The Court therefore must evaluate these claims as they are listed in the supplemental brief filed through counsel.

The Court finds that the petitioner's new claims I and II are not permissible under *Mayle*. Although the petitioner did allege ineffective assistance of counsel in his original petition, that claim referred to counsel's failure to impeach a witness and not counsel's reaction to the trial court's modification of a charge against the petitioner. These claims do not share a "common core of operative facts."

Furthermore, the petitioner may not amend his petition with his new claims III and IV because the petitioner did not address the trial court's amendment of the information in his original petition. To the extent that these claims are the same as the petitioner's original claim I, he has already taken advantage of the opportunity to supplement this claim in his supplemental brief.

To the extent that the petitioner's new claims V and VI address the sufficiency of the evidence to support the conviction for resisting and obstructing a police officer, the Supreme Court's opinion in *Mayle* provides this Court with little guidance. Claims of actual innocence and insufficient evidence are uniquely fact-bound inquiries. The petitioner's original eleventh claim addressed the trial court's denial of a request for a directed verdict on the resisting or obstructing charge. To the extent that the original claim is based on an alleged failure of proof, the amended claim is subsumed by it. If the amended claim is based on a new theory, *Gonzalez* weighs against giving the petitioner the benefit of the doubt. The Supreme Court in *Gonzalez* expressed its disfavor for allowing a habeas petitioner to use a Rule 60(b) motion to avoid the requirements for filing a second or successive habeas corpus petition. Thus, the petitioner's motion for leave to amend with regard to these claims will be denied.

II.

The new claims with which the petitioner seeks to amend his petition do not share a "common core of operative facts" with his original claims and therefore cannot "relate back" to the date of filing of the original petition. Furthermore, the Supreme Court's opinion in *Gonzalez v. Crosby* weighs against allowing the petitioner to amend his petition with new claims after he has been granted a Rule 60(b) motion on some of his original claims.

Accordingly, it is **ORDERED** that the motion to leave to file a supplemental brief [dkt # 46] or otherwise amend his petition for writ of habeas corpus is **DENIED**.