Fortunato L. DICTADO, Petitioner—
Appellant,

v.

Kenneth DUCHARME, Respondent—
Appellee.

No. 04–35883.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 3, 2006.

Filed April 20, 2006.

Brian Tsuchida, Esq., Jennifer E. Wellman, Esq., FPDWA—Federal Public Defender's Office, Western District of Washington, Seattle, WA, for Petitioner–Appellant.

John J. Samson, Esq., AGWA—Office of the Washington Attorney General, Olympia, WA, for Respondent–Appellee.

Before: T.G. NELSON, GOULD, and BEA, Circuit Judges.

MEMORANDUM *

Fortunato L. Dictado seeks review of two issues, the second of which is uncertified. First, Dictado appeals the district court's denial of his motion to amend his 28 U.S.C. § 2254 habeas petition to assert a new claim. The district court held that the amendment was time-barred because it did not relate back to the original petition.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Second, Dictado appeals the district court's denial of his ineffective assistance of counsel claim. We have jurisdiction under 28 U.S.C. § 2253(c)(1)(A), and we affirm.

■ Regarding the certified issue, at oral argument, Dictado conceded that the U.S. Supreme Court's decision in *Mayle v. Felix*[1] foreclosed his argument that the new claim related back to the original petition. Dictado forfeited any entitlement he may have had to argue his eligibility for equitable tolling on the new claim by failing to raise the issue before the district court.[2]

■ Regarding the uncertified issue, we grant the certificate of appealability, but deny the claim on the merits. The state court neither unreasonably applied clearly established Supreme Court precedent when it denied Dictado's claim nor unreasonably determined the facts in light of the evidence presented.[3] The state court reasonably held that Dictado had failed to establish the first part of the two-part test required under *Strickland v. Washington:*[4] that his counsel's performance was deficient.[5] The accomplices' affidavits, produced years after Dictado's trial, were insufficient to overcome the strong pre-

sumption that his counsel's decision not to call the accomplices was tactical.[6]

The state court also reasonably adjudicated the facts in light of the evidence presented. Dictado bore the burden of overcoming the presumption that his counsel's decision not to call the accomplices was tactical.[7] However, he points to nothing in the record on this issue.[8] Thus, the presumption that Dictado's counsel made a strategic decision applied.[9]

**AFFIRMED.**

---

1. — U.S. —, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005).

2. *See United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (distinguishing "waiver" of a right from its "forfeiture"). We note that Dictado has not argued on appeal that the district court's failure to conduct an equitable tolling inquiry regarding the new claim constituted plain error. *See id.* at 734, 113 S.Ct. 1770 (stating that a "court of appeals cannot correct a[] [forfeited] error ... unless the error [was plain]"); *United States v. Alferahin,* 433 F.3d 1148, 1154 (9th Cir.2006).

3. *See* 28 U.S.C. § 2254(d).

4. 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

5. *Id.*

6. *Id.* at 689, 104 S.Ct. 2052 ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.") (internal quotation marks omitted).

7. *See id.*

8. Dictado argues that the state court did not afford him an opportunity to develop the facts *underlying his claim so the district court* should have held an evidentiary hearing. However, Dictado has not shown any entitlement to a hearing under 28 U.S.C. § 2254(e)(2).

9. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.