**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANIEL PAUL STARR,

        Petitioner-Appellant,

v.

RON WARD; Director, Oklahoma
Department of Corrections,

        Respondent-Appellee.

No. 06-5181

(N.D. Oklahoma)

(D.C. No. 04-CV-0787-CVE-PJC)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

Daniel Starr, proceeding pro se, seeks a certificate of appealability

("COA") to enable him to appeal the district court's denial of the habeas petition

he filed pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2253(c)(1)(A) (providing

that an appeal may not be taken from the denial of a § 2254 habeas petition unless

the petitioner first obtains a COA). Mr. Starr filed his original § 2254 petition on

October 12, 2004, and raised three claims all grouped within one proposition of

error. Mr. Starr filed an amended petition on August 24, 2005, and added eight

more grounds. The district court determined Mr. Starr's claims asserted in the

amended petition were either procedurally barred or barred by the statute of

limitations, and denied the petition. For substantially the same reasons set forth

by the district court in its thorough opinion and order, we deny Mr. Starr's application for a COA and dismiss this matter.

## I. BACKGROUND

Mr. Starr was convicted of rape by instrumentation, first-degree rape, and unauthorized use of a motor vehicle, all after former conviction of two or more felonies. The trial court sentenced Mr. Starr to twenty years' imprisonment on each count, to be served consecutively. On April 24, 2003, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his convictions on direct appeal.

On July 6, 2004, Mr. Starr filed an application for post-conviction relief. The state district court denied this application on August 13, 2004. Mr. Starr filed an amended application for post-conviction relief on September 24, 2004, which the state district court denied on October 6, 2004. Mr. Starr sought to appeal this application to the OCCA, but on December 17, 2004, the OCCA declined jurisdiction and dismissed the appeal for improper filing, and for untimeliness.

Mr. Starr filed his initial § 2254 on October 12, 2004 and filed an amended petition on August 24, 2005. The district court denied Mr. Starr's petition and his application for a COA.

## II. DISCUSSION

In order to obtain a COA, Mr. Starr must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Starr may make this showing by demonstrating that "jurists of reason could disagree with the district court's resolution of the case or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338.

Under the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year statute of limitations, Mr. Starr had until July 23, 2004 to file a petition for a writ of habeas corpus in federal district court. § 2244(d)(1)(A). Within the one-year period, on July 6, 2004, seventeen days before the deadline, Mr. Starr filed his first application for post-conviction relief in state court, tolling the AEDPA deadline. The state district court denied relief on August 13, 2004, and, because Mr. Starr did file a post-conviction appeal, the clock began to run again on September 12, 2004. *Gibson v. Klinger*, 232 F.3d 799, 803-04 (10th Cir. 2000).

At this point, Mr. Starr had until September 29, 2004 to timely file his federal habeas corpus petition. On September 24, 2004, Mr. Starr filed his amended supplemental post-conviction petition in state court. On October 6,

2004, the state district court denied relief. Citing Rule 5.2(C)(2) of the Oklahoma Court of Criminal Appeals, the OCCA declined jurisdiction because the appeal was not properly filed. The OCCA noted that Mr. Starr had failed to include a copy of the district court order denying his application for post-conviction relief and that the appeal was also untimely. As a result of the OCCA's jurisdictional ruling, the AEDPA clock began to run again thirty days after entry of the state district court's order that denied relief, or on November 5, 2004. Mr. Starr's deadline for filing a federal habeas corpus petition was then November 10, 2004. Mr. Starr filed his original petition on October 12, 2004.

For substantially the same reasons set forth in the federal district court's order, we conclude that Mr. Starr is not entitled to a COA. As to Mr. Starr's amended petition, which he filed more than nine months after expiration of the one-year limitations period, we note that he has not challenged the federal district court's conclusion the claims raised there are time-barred. We also agree that the amended petition raised eight additional claims that were not tied to a common core of operative facts applicable to the claims raised in his original petition. As a result, his amended petition did not relate back to the original petition. *See Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005). Moreover, there was no basis for statutory or equitable tolling. These claims are thus barred by AEDPA's one-year time limit. *Id.*

-4-

Mr. Starr's original petition, filed within the AEDPA statute of limitations on October 12, 2004, raised claims involving ineffective assistance of appellate counsel, prosecutorial misconduct, and juror misconduct. Because Mr. Starr did not appeal from the state district court's denial of his original post-conviction application, his appeal to the OCCA related only to his amended application. The appeal was procedurally defective causing the OCCA to dismiss it without reaching the merits and Mr. Starr cannot "demonstrate that cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The district court correctly determined that these claims were procedurally barred.

## III. CONCLUSION

Based on our review of the record on appeal, the district court's order, and Mr. Starr's submissions to this court, we are not persuaded jurists of reason would disagree with the district court's disposition of his petition. Accordingly, we DENY his request for a COA and DISMISS this matter.


Entered for the Court,
ELISABETH A. SHUMAKER, Clerk


By:
  Deputy Clerk