**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANK HUGH COLTON,

            Petitioner - Appellant,

  v.

GUY HALL,

            Respondent - Appellee.

No. 08-35633

D.C. No. 3:05-CV-01868-PK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Senior District Judge, Presiding

Submitted June 10, 2010[**]
Portland, Oregon

Before: THOMPSON, McKEOWN and PAEZ, Circuit Judges.

    Petitioner Frank Hugh Colton was convicted by jury of two counts of

unlawful sexual conduct with a minor, in violation of Or. Rev. Stat. § 163.427.  At

sentencing, the Oregon trial judge found that the acts did not arise out of a

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

continuous and uninterrupted course of conduct, and imposed consecutive sentences. *See* Or. Rev. Stat. § 137.123.

Colton's *pro se* habeas corpus petition, filed in the district court, alleged ineffective assistance of counsel and averred that "[t]he sentence was unconstitutional." Two years later, Colton sought to amend his petition to add a claim that the imposition of consecutive sentences by the Oregon court deprived him of his constitutional right to a jury trial. The district court rejected that claim as untimely.

We have jurisdiction under 28 U.S.C. § 2254, and we affirm.

Colton argues the claim he sought to add by amendment is timely, because it "relates back" to his initial habeas petition. Relation back applies to habeas claims only if they "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). *See also Mayle v. Felix*, 545 U.S. 644, 650, 664 (2005) (explaining that relation back applies to claims "tied to a common core of operative facts," but not to claims "assert[ing] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth").

Colton's initial petition asserted that his trial counsel erred by failing to object to his sentence, and stated: "The sentence was unconstitutional, as petitioner

2

was sentence[d] to a mandatory term, and received two counts of the same charge." The claim Colton sought to add by amendment challenged the Oregon court's imposition of consecutive sentences. Thus, the two claims involve different alleged errors by different actors. In addition, the two claims are not "tied to a common core of operative facts." *See id.* at 664. The original petition never mentions the consecutive nature of the sentences or any case law upon which Colton now relies. We conclude the district court did not abuse its discretion by denying Colton's motion to amend. *See Williams v. Boeing Co.*, 517 F.3d 1120, 1132 n.8 (9th Cir. 2008) (explaining that a district court's denial of a motion to amend a complaint that will relate back under Rule 15(c) is reviewed for abuse of discretion).

Even if relation back were to apply, however, the Oregon court did not err by imposing consecutive sentences. As the Supreme Court held in *Oregon v. Ice*, 129 S. Ct. 711, 719 (2009), a state may assign to judges the decision whether to impose consecutive sentences. That's what the Oregon sentencing court did. Colton does not present clear and convincing evidence that the crimes arose from a continuous and uninterrupted course of conduct. *See* 28 U.S.C. § 2254(e). The two acts occurred on the same day and involved the same victim, but the acts

3

occurred in two separate rooms and enough time passed between them for one activity to have been completed before the second activity began.

**AFFIRMED.**