Salvador Rodriguez appeals the district court’s judgment denying his petition for habeas corpus. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. We affirm in part and reverse in part.
1. Rodriguez’s first claim of ineffective assistance of trial counsel arises out of his attorney’s alleged failure to investigate and present the testimony of Vonree Alberty and Kenneth Jackson, two potential exculpatory witnesses who were present during the incident that led to Rodriguez’s second degree murder conviction. This claim was presented in a supplemental traverse filed after the one-year deadline imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”). See 28 U.S.C. § 2244(d). Rodriguez’s original, timely-filed petition for habeas corpus alleged ineffective assis *622 tance of trial counsel based on his attorney’s failure to investigate three other witnesses who were also present during the incident.
Under Rule 15(c) of the Federal Rules of Civil Procedure, an amendment to a pleading relates back to the date of the original pleading “[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts.” Mayle v. Felix, 545 U.S. 644, 664, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). The district court concluded that Rodriguez’s newly-alleged claim of ineffective assistance of trial counsel satisfied this standard. We agree. The individuals identified in Rodriguez’s original petition and supplemental traverse were all potential percipient witnesses who were present at the same underlying event. Consequently, the rationale for why Rodriguez’s counsel allegedly should have investigated those individuals prior to trial and presented their testimony at trial share a common basis. The claim of ineffective assistance of trial counsel presented in Rodriguez’s supplemental traverse does not therefore “assert[] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.” Schneider v. McDaniel, 674 F.8d 1144, 1150 (9th Cir.2012) (quoting Mayle v. Felix, 545 U.S. 644, 650, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005)) (internal quotation mark omitted). As such, this claim relates back to the date of Rodriguez’s original petition and is not barred by AEDPA’s one-year statute of limitations.
2. The district court stayed Rodriguez’s habeas petition to permit him to exhaust this newly-asserted claim in state court. The California Supreme Court denied the claim as untimely, citing In re Robbins, 18 Cal.4th 770, 77 Cal.Rptr.2d 153, 959 P.2d 311 (1998), and In re Clark, 5 Cal.4th 750, 21 Cal.Rptr.2d 509, 855 P.2d 729 (1993). The district court consequently deemed Rodriguez’s claim to be procedurally defaulted. Additionally, the district court declined to excuse Rodriguez’s default, finding that although “Rodriguez can likely demonstrate prejudice, he has not demonstrated sufficient cause.”
On appeal, Rodriguez argues that his procedural default may be excused under Martinez v. Ryan, — U.S. -, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), a decision issued seven months after the district court rendered its decision on this claim. Martinez announced an equitable rule by which cause for excusing a proeedurally-defaulted claim may be found, inter alia, where a petitioner could not have raised the claim on direct review and was not appointed counsel on state collateral review. [A] federal habeas court [may] find “cause,” thereby excusing a defendant’s procedural default, where (1) the claim of “ineffective assistance of trial counsel” was a “substantial” claim; (2) the “cause” consisted of there being “no counsel” or only “ineffective” counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the “initial” review proceeding in respect to the “ineffective-assistance-of-trial-counsel claim”; and (4) state law requires that an “ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding.”
Trevino v. Thaler, — U.S. -, 133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044 (2013) (quoting Martinez, 132 S.Ct. at 1318-1319, 1320-1321) (first two alterations added, last two alterations in original).
Martinez appears to offer Rodriguez a clear path for relief. First, Rodriguez lacked counsel during his state collateral *623 proceeding.[1] Second, that proceeding likely constituted an “initial-review proceeding.” See Martinez, 132 S.Ct. at 1315. Third, California’s “state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal.” Trevino, 133 S.Ct. at 1921; see also People v. Lopez, 42 Cal.4th 960, 71 Cal.Rptr.3d 253, 175 P.3d 4, 12 (2008) (“[E]xcept in those rare instances where there is no conceivable tactical purpose for counsel’s actions, claims of ineffective assistance of counsel should be raised on habeas corpus, not on direct appeal.”). We therefore remand to the district court to consider two questions: whether Rodriguez can demonstrate cause under Martinez, in light of this court’s recent en banc decision in Detrich v. Ryan, No. 08-99001, 740 F.3d 1237, 2013 WL 4712729 (9th Cir. Sept. 3, 2013) (en banc), and whether Rodriguez can demonstrate prejudice under Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).
3. We reject Rodriguez’s contention that his trial counsel was prejudicially ineffective for failing to introduce at trial a transcript of Roy Ramsey’s preliminary hearing testimony. The district court correctly found that the California Supreme Court did not unreasonably apply clearly established federal law when it determined that the conduct of Rodriguez’s trial counsel fell within “the wide latitude counsel must have in making taetical decisions.” Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A review of Ramsey’s preliminary hearing testimony reveals that it (1) contributed little to Rodriguez’s theory of the case, (2) conflicted with portions of Rodriguez’s own trial testimony, and (3) could have been significantly undermined through government impeachment of Ramsey. The California Supreme Court thus reasonably rejected this claim of ineffective assistance of trial counsel.
The judgment of the district court is AFFIRMED in part and REVERSED in part and REMANDED. Costs on appeal are awarded to Appellant.

. Although Rodriguez errs in focusing on the alleged ineffectiveness of his appellate counsel for not proceeding to file a state habeas petition — rather than on his lack of counsel on collateral review — we do not find this error to be fatal to his claim. The State does not contest the fact that Rodriguez was only appointed counsel during his federal collateral proceeding, and not his state collateral proceeding. Therefore, we find this factor satisfied. Cf. Hall v. City of Los Angeles, 697 F.3d 1059, 1071 (9th Cir.2012) ("We may consider an issue sua sponte if failure to do so would result in manifest injustice, or if the opposing party will not suffer prejudice.”). Further, Rodriguez explicitly identified Martinez as a basis for relief and offered arguments regarding Martinez’s other three requirements. The State, moreover, specifically addressed Rodriguez’s eligibility for Martinez relief under these three requirements in its answering brief.