NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2306
_____

BARBARA ANNE ANDERSON,
                                        Appellant

v.

BONDEX INTERNATIONAL, INC. An Ohio Corporation; CBS CORPORATION, A
Delaware Corporation (Successor By Merger With CBS Corporation F/K/A
Westinghouse Electric Corporation)Formerly Known As Viacom Inc.; GEORGIA-
PACIFIC CORPORATION, A Georgia Corporation (Sued Individually And As
Successor-In-Interest To Bestwall Gypsum Company); IMO INDUSTRIES, A Delaware
Corporation (Sued Individually And As Successor-In-Interest To Delaval Sream Turbine
Co.); INGERSOLL-RAND COMPANY, A New Jersey Corporation (Sued Individually
And As Successor-In-Interest Terry Steam Turbine Company); OWENS-ILLINOIS INC,
A Delaware Corporation (Sued Individually And As Successor-In-Interest To Successor
Owens-Illinois Glass Company);
PHILIPS ELECTRONICIS NORTH AMERICA CORPORATION, A Delaware
Corporation (Sued Individually And As Successor-In-Interest To And As Alter-Ego To
Thompson-Hayward Chemical Co.); PRM, INC, A Delaware Corporation (Sued
Individually And As Successor-In-Interest To Bondex International, Inc); T H
AGRICULTURE & NUTRITION, LLC, A Delaware Corporation (Sued Individually
And As Successor-In-Interest To Thompson-Hayward Chemical Co.); TYCO
INTERNATIONAL (US), INC., A Massachusetts Corporation (Sued Individually And
As Successor-In-Interest To Yarway Corporation); TYCO VALVES & CONTROLS
INC., A Texas Corportion (Sued Individually And As Successor-In-Interest To Yarway
Corporation); UNION CARBIDE CORPORATION, A New York Corporation;
YARWAY CORPORATION, A Delaware Corporation (Sued Individually And As
Successor-In-Interest To Yarnall Warning Co.)[*]

_____

[*] Appellees Specialty Products Holding Corp. f/k/a RPM, Inc. and Bondex
International, Inc. filed petitions for relief under Chapter 11 of the Bankruptcy Code.
Accordingly, the appeal was stayed by Clerk Order on June 18, 2010 pursuant to 11
U.S.C. § 362. On October 12, 2010, we issued an order severing the case and lifting the
stay as to Appellees Georgia-Pacific Corporation and Union Carbide Corporation. The
appeal remains stayed as to all other defendants.

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-07-cv-63839)
District Judge: Honorable Eduardo C. Robreno

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 31, 2013

Before:  JORDAN, VANASKIE, *Circuit Judges*, and
RAKOFF[*], *Senior District Judge*.

(Filed: January 7, 2014)

OPINION

VANASKIE, *Circuit Judge.*

Barbara Anderson appeals from an order of the District Court finding that her proposed amended complaint did not relate back to her original pleading.  Because we agree with the District Court that the two pleadings did not arise out of the same "conduct, transaction, or occurrence," as required by Fed. R. Civ. P. 15(c)(1)(B), we will affirm.

I.

On August 16, 2006, Barbara Anderson was diagnosed with mesothelioma.  She filed a complaint in the Circuit Court for the City of Richmond on October 26, 2006, alleging that her mesothelioma was caused by exposure to "asbestos dust and fibers from

_____

[*] The Honorable Jed. S. Rakoff, United States Senior District Judge for the United States District Court for the Southern District of New York, sitting by designation.

[her father's] asbestos-laden workclothes." (Appendix ("A.") 60.) Anderson's father worked as a pipe cover insulator at Portsmouth Naval Shipyard. Anderson argued that she was exposed to asbestos from 1947, when her father began working at the Shipyard, until 1956. Anderson named more than twenty defendants, including Georgia-Pacific Corporation ("Georgia-Pacific"), and Union Carbide Corporation ("Union Carbide") (collectively, "Appellees"), alleging she was entitled to recover under theories of negligence and breach of warranty. Hoping to avoid removal to federal court, Anderson also "disclaim[ed] any cause of action for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave." (A. 65 ¶ 10.)

At the time she filed her original complaint, Anderson believed her only exposure to asbestos occurred from 1947 to 1956, when she lived with her father while he was working at the Naval Shipyard. When Anderson was subsequently deposed in January 2007, however, she testified that she believed she was also exposed to asbestos dust in Federal office buildings where she worked during the 1960s and '70s.

Based on Anderson's deposition testimony, Georgia-Pacific filed a notice of removal, explaining that Anderson alleged asbestos exposure during her employment in buildings located within federal enclaves, and that, as such, the action was removable pursuant to 28 U.S.C. § 1441. The case proceeded in federal court as part of the asbestos Multidistrict Litigation in the Eastern District of Pennsylvania, and Magistrate Judge David Strawbridge oversaw the pretrial proceedings.

On May 21, 2009, several defendants filed motions for summary judgment. On June 10, 2009, Anderson filed a motion to amend her original complaint. In addition to

3

removing the federal enclave disclaimer, her proposed amended complaint alleged that she "was exposed to dust from asbestos-containing joint compound products during ongoing construction and renovation projects taking place in the office buildings where she worked" during the 1960s and '70s. (A. 578 ¶ 1.) Her amended complaint did not include the allegations of household asbestos exposure during her childhood.

The Magistrate Judge denied Anderson's motion for leave to amend, finding that the proposed amended complaint was barred by the applicable statute of limitations and did not relate back to her original complaint because it alleged a subsequent phase of asbestos exposure. Anderson filed objections to the Magistrate Judge's order, which the District Court overruled.

Anderson now appeals the District Court's order overruling her objections, arguing the District Court erred in finding that her amended complaint does not relate back to her original pleading. Specifically, she argues the District Court erroneously applied a standard for relation back that is limited to habeas corpus proceedings, and erred in finding that notice to defendants of an amended claim must come from the original complaint.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's interpretation and application of the Federal Rules of Civil Procedure. *Glover v. FDIC*, 698 F.3d 139, 144 (3d Cir. 2012). However, we review a district court's factual conclusions as to a motion to amend for clear error, *Singletary v.*

4

*Pa. Dep't of Corrections*, 266 F.3d 186, 193 (3d Cir. 2001), and its decision to grant or deny a motion to amend for abuse of discretion. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 252 (3d Cir. 2008).

A.

Anderson first argues that the District Court misapplied Federal Rule of Civil Procedure 15, which governs amended pleadings, by employing the Supreme Court's holding in *Mayle v. Felix*, 545 U.S. 644 (2005). She contends that *Mayle* established an exacting test for relation back that should be limited to federal habeas corpus proceedings.[1]

Federal Rule of Civil Procedure 15 provides, in the context relevant here, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 counsels courts to "freely give leave [to amend] when justice so requires." *Id.* However, "undue delay, bad faith, and futility" justify a court's denial of leave to amend, *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006), and amendment of a complaint is "futile" if "that claim would not be able to overcome the statute of limitations." *Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir.

---

[1] Appellees contend Anderson waived this argument because she failed to raise it before the District Court. While they concede that Anderson presented a version of the argument in footnote three of her Brief in Support of Her Objections, *see* (A. 727), Appellees argue this was merely "[a] fleeting reference or vague allusion" that failed to "present[] the argument with sufficient specificity to alert the district court." *In re Ins. Brokerage Antitrust Litigation*, 579 F.3d 241, 262 (3d Cir. 2009). We disagree. Anderson's explicit presentation of the issue was sufficient to preserve it for our review. *See id.* (holding "explicit mention" and "brief discussion" of issues sufficient to preserve for appellate review).

2001).  Where a claim is barred by the statute of limitations, amendment is only permitted if the proposed amended complaint "relates back to the date of the original pleading" pursuant to Rule 15(c).

Here, it is undisputed that Anderson's claims are governed by Virginia's two-year statute of limitations.  *See* Va. Code Ann. §§ 8.01-243 and 8.01-249(4).  It is also undisputed that, unless the amended complaint relates back to her original complaint, Anderson's claims are time-barred.[2]

Rule 15(c) provides, in pertinent part, that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).[3]  We have interpreted

---

[2] Virginia law requires personal injury claims to "be brought within two years after the cause of action accrues."  Va. Code Ann. § 8.01-243.  In cases alleging injury as a result of asbestos exposure, the cause of action accrues "when a diagnosis of asbestosis, interstitial fibrosis, mesothelioma, or other disabling asbestos-related injury or disease is first communicated to the person or his agent by a physician."  Va. Code Ann. § 8.01-249(4).  Anderson was diagnosed with mesothelioma on August 16, 2006.  Thus, the statute of limitations period expired on August 16, 2008.  Anderson did not move for leave to amend her complaint until June 10, 2009, nearly ten months after the statute of limitations had run.

[3] The full text of Federal Rule of Civil Procedure 15(c)(1) provides:

> (1) *When an Amendment Relates Back*.  An amendment to a pleading relates back to the date of the original pleading when:
>> (A) the law that provides the applicable statute of limitations allows relation back;
>> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out-- in the original pleading; or

6

Rule 15(c) as requiring "a common core of operative facts in the two pleadings." *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004). Accordingly, proposed amendments relate back if they "restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading." *Id.*

Interpreting Rule 15(c)'s application to petitions for habeas corpus, the Supreme Court held that "[a]n amended habeas petition . . . does not relate back . . . when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle*, 545 U.S. at 650. The Magistrate Judge quoted this language in its Memorandum Opinion, noting that, although the Court decided *Mayle* in the context of habeas corpus, the principle "applies equally here" because *Mayle* was predicated on the relevant subsection of Rule 15(c). (A. 7.) The District Court adopted

---

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Here, neither party asserts that Fed. R. Civ. P. 15(c)(1)(C) applies. The parties also agree that section 15(c)(1)(A) is immaterial because it gives a party the benefit of whichever standard for relation back is most lenient, and that the federal rule is "either equivalent to or more lenient than its Virginia equivalent, Va. Code Ann. § 8.01-6.1." (Appellant's Br. 20.) Accordingly, our discussion focuses on Fed. R. Civ. P. 15(c)(1)(B).

the reasoning of the Magistrate Judge, but did not reference the "time and type" language from *Mayle*. Instead, the District Court merely cited that case for the general "common core of operative fact" test.

Nevertheless, Anderson argues the District Court erred in applying the standard expounded in *Mayle*, which, she asserts, is more stringent than the standard for ordinary civil cases. She urges that the proper inquiry is set out in *Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574 (1945), where the Supreme Court held that an amended complaint related back even though it added a new claim. In *Tiller*, a widow brought suit against a railroad company after her husband was struck and killed by a railroad car. The original complaint in *Tiller* alleged negligence for failure to provide a lookout who could warn of coming trains, and the amended complaint alleged negligence for failure to properly light the railroad car. *Id.* at 580. Asserting that, under *Tiller*, relation back is proper even if the amended pleading alters the "mode in which the defendant breached the legal duty or caused the injury," (Appellant's Br. 27 (citing *Davis v. Yellow Cab Co.*, 35 F.R.D. 159, 161 (E.D. Pa. 1964)), Anderson argues her amended complaint relates back under this standard.

We are not persuaded. First, we note that the District Court did not rely on the *Mayle* "time and type" language, but instead applied the long-standing test for relation back, which analyzes whether the amended complaint shares a "common core of operative fact" with the original pleading. *Bensel*, 387 F.3d at 310.

Second, the Supreme Court's analysis in *Mayle* was consistent with – not more exacting than – its application of Rule 15(c) in other contexts. *Mayle*, 545 U.S. at 664

8

("Our reading is consistent with the general application of Rule 15(c)(2).").  Indeed, rather than holding that Rule 15(c) should be applied more rigorously in the habeas context, the Supreme Court explained that it was reining in what it saw as the lower courts' more liberal construction of Rule 15(c) in habeas cases than in "run-of-the-mine civil proceedings."  *Id.* at 657.  Thus, we have utilized *Mayle's* "time and type" language in the non-habeas civil context.  *See Glover*, 698 F.3d at 147 ("In other words, [Appellant's] amended FDCPA claims differed in 'time and type' from the claims earlier alleged.") (citing *Mayle*, 545 U.S. at 657-59).

Furthermore, Anderson does not meet the general standards for relation back as set forth in *Tiller* or *Bensel*.  Relation back under Rule 15(c) requires an amended complaint to share a "common core of operative facts" with the original pleading.  *Bensel*, 387 F.3d at 310.  Although Anderson characterizes her proposed amendment as merely "alter[ing] the mode by which defendants caused the injury," (Appellant's Br. 17), her amended complaint alleges entirely separate exposure years later while she herself was working. We therefore agree with the District Court that "[t]he only thing that the two complaints have in common is [Anderson] herself, and the unfortunate fact that she may have been exposed to asbestos twice in her life, under unrelated circumstances."  (A. 22.)  Thus, we conclude that the District Court properly interpreted and applied Rule 15(c).

### B.

Anderson next argues that she meets the requirements for relation back because the defendants in this case had actual notice of her intent to pursue a claim based on her workplace exposure to asbestos in the 1960s and '70s.  Specifically, she asserts that the

9

District Court erred in finding that notice must come from the original pleading, and in finding that her original complaint failed to put defendants on notice of her amended claim.

We have explained that fair notice is "the touchstone for relation back . . . because Rule 15(c) is premised on the theory that 'a party who has been notified of litigation concerning a particular occurrence has been given all the notice that statutes of limitations were intended to provide.'" *Glover*, 698 F.3d at 146 (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984)). Our precedent states unequivocally, however, that an amendment does not relate back "where the *original* pleading does not give a defendant 'fair notice of what the plaintiff's [amended] claim is and the grounds up on which it rests.'" *Glover*, 698 F.3d at 146 (quoting *Baldwin*, 466 U.S. at 149 n.3) (emphasis added). We therefore reject Anderson's argument that notice need not come from the original pleading.

We likewise reject Anderson's contention that her original complaint put Appellees on notice of her amended claim. The original complaint made no mention of workplace exposure during the 1960s and '70s, and in fact explicitly disclaimed any cause of action related to her employment within federal enclaves.

Accordingly, we agree with the District Court that Anderson was required to provide fair notice in her original pleading of asbestos exposure in the workplace, and that she failed to do so. Thus, we conclude that the District Court did not abuse its discretion in denying Anderson's motion for leave to amend her pleadings.

III.

10

For the foregoing reasons, we will affirm the judgment of the District Court.