**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-6450**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

OUSMANE DIALLO,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:12-cr-00357-1; 1:14-cv-00077)

───────────

Submitted: July 29, 2014         Decided: August 11, 2014

───────────

Before MOTZ, DUNCAN, and KEENAN, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

Ousmane Diallo, Appellant Pro Se. Rebeca Hidalgo Bellows, Assistant United States Attorney, Justin Edward Fairfax, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ousmane Diallo seeks to appeal the district court's order dismissing as untimely his amended 28 U.S.C. § 2255 (2012) motion to vacate, set aside, or correct his sentence. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000); see Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. Slack, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Diallo has not made the requisite showing. Diallo's federal convictions became final on January 28, 2013, upon the expiration of the fourteen-day period for filing a direct appeal. See Clay v. United States, 537 U.S. 522, 525 (2003);

2

see also Fed. R. App. P. 4(b)(1)(A)(i), (b)(6). Absent a tolling thereof, Diallo had one year, until January 28, 2014, to file his § 2255 motion. See 28 U.S.C. § 2255(f)(1). However, Diallo did not execute his amended § 2255 motion until February 24, 2014. See Houston v. Lack, 487 U.S. 266 (1988). And despite Diallo's contention to the contrary, the amended motion did not relate back, pursuant to Fed. R. Civ. P. 15(c)(1)(B), to the bare bones placeholder § 2255 motion that Diallo filed within the limitations period. See Mayle v. Felix, 545 U.S. 644, 660-64 (2005); United States v. Pittman, 209 F.3d 314, 317-18 (4th Cir. 2000).

Because the district court's dispositive timeliness analysis is not debatable,[*] we deny Diallo's motion for a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[*] We thus decline to consider the propriety of the district court's alternative procedural ruling that the amended motion was an unauthorized, successive § 2255 motion.

3